UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EVERETT VINSON,

                Petitioner,

                                            Case Number 01-10290-BC
v.                                           Honorable David M. Lawson

BARRY McLEMORE,

                Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS CORPUS

Petitioner Everett Vinson, currently incarcerated at the Thumb Correctional Facility in LaPeer, Michigan, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In August of 1996, the petitioner was convicted by a jury in the Calhoun County Circuit Court of assault with intent to commit murder after a first trial ended in a hung jury. Although the sentencing judge apparently stated that the petitioner was sentenced to a prison term of five to twenty-five years, the written judgment listed the sentence as fifteen to twenty-five years. After the petitioner filed his habeas corpus petition *pro se*, the matter was referred to Magistrate Judge Charles E. Binder, who appointed counsel and held an evidentiary hearing on the issue of ineffective assistance of counsel. Both parties submitted post-hearing briefs, and the magistrate judge issued a report recommending that the petition be denied. On June 24, 2004, the petitioner filed his objections to the Report and Recommendation. This matter is now before the Court for *de novo* review. Fed. R. Civ. P. 72(b).

The Court agrees with the magistrate judge's reasoning that one of the petitioner's claims is procedurally defaulted and all of the remaining claims are without merit. Therefore, the Court

will adopt the magistrate judge's recommendation and dismiss the petition for lack of merit in the grounds presented.

I.

The petitioner filed his petition for writ of habeas corpus on August 16, 2001, raising the following claims:

> I. Petitioner's 15 to 25 year sentence is constitutionally invalid, where it was imposed in absentia after the pronouncement of a valid 5 to 25 year sentence.
>
> II. Petitioner's conviction is constitutionally infirm, where it was obtained without sufficient evidence to establish the requisite *mens rea*.
>
> III. Petitioner was denied the right to due process and to effective assistance of counsel, where counsel failed to raise material defenses and induced Petitioner to reject a favorable plea offer from the prosecution.
>
> IV. Petitioner was denied a fair trial where the prosecutor engaged in substantial misconduct during closing arguments.

The petitioner later filed a motion for leave to file an amended petition, but the Court dismissed the motion as moot when it ordered the magistrate judge to appoint counsel. The magistrate judge appointed counsel and an evidentiary hearing was held on September 4, 2003. Both parties filed post-hearing briefs, and the magistrate judge issued his Report and Recommendation on May 28, 2004.

The magistrate judge concluded that the petitioner's first claim was procedurally defaulted because the Michigan state courts held that the petitioner had failed to meet the requirements of Michigan Court Rule 6.508(D), and the petitioner had failed to show cause for his procedural default. As to the second claim, the magistrate judge found that the state courts' resolution of the sufficiency-of-evidence issue was objectively reasonable. The magistrate judge agreed that sufficient evidence was presented that the petitioner tried to physically injure the victim and had the

ability to cause an injury to the victim. He noted that the jury could infer from the crime itself that the petitioner intended to kill the victim because the victim was stabbed in the neck.

The magistrate judge found that the petitioner's third claim, ineffective assistance of counsel, lacked merit because testimony at the evidentiary hearing established that the choice to rely on a self-defense theory rather than a voluntary intoxication defense was a matter of trial strategy. Furthermore, trial counsel was sufficiently informed of the petitioner's history of alcohol abuse and mental illness to make that determination without additional investigation. As for counsel's advice resulting in the petitioner's rejection of a plea agreement, the magistrate judge noted that counsel was an experienced criminal defense lawyer who would not have thought that a defendant had been acquitted of an offense when the jury could not reach a verdict. The magistrate judge also disbelieved the petitioner's assertion that he did not know he was on trial for assault with intent to murder until the closing arguments at the second trial.

Finally, the magistrate judge found that the petitioner's fourth claim was procedurally defaulted because the petitioner failed to object to the prosecutor's misstatements at trial. The magistrate judge also noted that the alleged misstatements were not inaccurate representations of the testimony at trial. The magistrate judge thus recommended that the petition be denied.

II.

The petitioner objects to the Report and Recommendation on several grounds: (1) his first claim is not procedurally defaulted because he moved for an evidentiary hearing on the matter in the trial court, which denied the motion on the merits; (2) the state court of appeals unreasonably applied the sufficiency of the evidence test because it ignored the extensive evidence of intoxication that negated the intent element of the crime; (3) trial counsel was ineffective for failing at the very

least to request a jury instruction on the intoxication and diminished capacity defenses, and the magistrate judge erred in concluding that counsel did not need to investigate these issues when counsel apparently failed to review documents relating to the petitioner's history of mental illness and alcohol abuse; and (4) the magistrate judge erroneously concluded that counsel was not ineffective for failing properly to advise the petitioner concerning the plea agreement where the magistrate judge failed to credit the testimony of the petitioner, which was consistent with the testimony of the assistant prosecuting attorney at the evidentiary hearing.

A.

First, the petitioner argues that his sentencing claim is not procedurally barred because he raised the matter in the trial court in a motion for an evidentiary hearing that was denied on the merits. Furthermore, he argues that the rulings of the state courts in denying his motion for relief from judgment do not necessarily rest on procedural grounds because Michigan Court Rule 6.508(D) "allows for denial for failure to establish the merits, i.e., 'in the case of a challenge to his sentence, the sentence is invalid.'" Pet'r's Objections to the Report and Recommendation at 2. The petitioner argues that his sentence is invalid as explained in his petition for writ of habeas corpus.

Although the petitioner did file a motion in the trial court for an evidentiary hearing and that hearing was denied on the merits, that decision does not control the procedural default analysis. This Court must look at the "last explained state court judgment" to determine whether the state court relied on a procedural bar. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). This principle applies even if a lower court decided the issue on the merits. *See Martin v. Mitchell*, 280 F.3d 594, 605 (6th Cir. 2002). The Sixth Circuit has interpreted a form order denying a motion for relief from judgment, such as those issued by the Michigan Court of Appeals and the Michigan Supreme Court

in this case, as an "explained" state court judgment denying the motion for relief from judgment on a procedural ground. *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1937 (2005); *Luberda v. Trippett*, 211 F.3d 1004, 1006 (2000).

The petitioner's contention that the denial of a claim pursuant to Michigan Court Rule 6.508(D) can be an adjudication on the merits is controverted by the above precedent as well as the language of the rule itself. The part of the rule that the petitioner quotes is a subsection of the rule discussing the demonstration of prejudice:

> (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
> . . .
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
> . . .
> (iv) in the case of a challenge to the sentence, the sentence is invalid.

Mich. Ct. R. 6.508(D). Both the Michigan Supreme Court and the Michigan Court of Appeals found that the petitioner had failed to meet the burden of establishing entitlement to relief under this rule. The petitioner has not shown cause and prejudice for this procedural default. The Court therefore adopts the magistrate judge's resolution of this issue.

B.

Next, the petitioner asserts that the state court of appeals unreasonably applied the sufficiency-of-evidence test because it ignored the extensive evidence of intoxication that negated the intent element of the crime. He asserts that the state court of appeals erroneously concluded that the petitioner did not consume alcohol between midnight and 5 a.m. just before the murder.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16. In Michigan, the actual intent to kill is an essential element of assault with intent to commit murder. *People v. Taylor*, 422 Mich. 554, 567, 375 N.W.2d 1, 7 (1985).

The Michigan Court of Appeals denied the petitioner's sufficiency-of-the-evidence claim, stating:

> Intoxication is only a defense in cases where "the facts of the case could allow the jury to conclude that the defendant's intoxication was so great that the defendant was unable to form the necessary intent." *People v. Mills*, 450 Mich. 61, 82; 537 N.W.2d 909 (1995). Here, there was evidence that defendant had been drinking, but no evidence that defendant was "intoxicated to the point at which he was incapable of forming the intent to commit the crime." *Id*., 83. There was evidence that defendant, who acknowledges on appeal that he is a chronic alcohol user, stopped drinking around midnight. Several hours later, defendant came down the stairs and went into the kitchen silverware drawer for a knife, before stabbing the sleeping victim at about 5:00 a.m. Viewing the evidence in a light most favorable to the prosecution, a rational jury could infer from defendant's actions that he was able to form the requisite intent.

*People v. Vinson*, No. 198432, *slip opinion* at 2 (Mich. Ct. App. Sept. 4, 1998). The magistrate judge found that the application of the *Jackson* standard by the state court of appeals was reasonable.

He noted that a rational trier of fact could have inferred intent to murder from the fact that the petitioner stabbed the victim in the head and neck.

The petitioner argues that the Michigan Court of Appeals and the magistrate judge failed to consider the evidence that the petitioner might have been drinking after midnight. He points to the fact that witnesses did not actually see him sleep after midnight, and the three different statements he gave to police describing how his hand was cut might be evidence of intoxication. However, the *Jackson* standard requires this Court to view the evidence in the light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. The petitioner does not point to any evidence presented at trial that he drank between midnight and 5 a.m. or that he was so intoxicated that he lacked the capacity to form the requisite intent. The Court believes, therefore, that the state court's conclusion was a reasonable application of *Jackson* because a rational juror could have found the petitioner was not so intoxicated that he could not form the intent to kill. The petitioner is not entitled to relief on this ground.

C.

The petitioner also contends that trial counsel was ineffective for failing at the very least to request a jury instruction on the intoxication or diminished capacity defenses, and the magistrate judge erred in concluding that counsel did not need to investigate the intoxication or diminished capacity issues when counsel apparently failed to review documents relating to the petitioner's history of mental illness and alcohol abuse. The petitioner argues that an intoxication or diminished capacity defense would have been consistent with the self-defense claim that was actually presented at trial.

To show a violation of his constitutional right to counsel as a result of counsel's ineffective assistance, the petitioner must fulfill both prongs of the *Strickland* test: he must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). The Michigan Court of Appeals held that counsel was not ineffective because a decision as to what evidence to present at trial is presumed to be a matter of trial strategy.

At the evidentiary hearing, the petitioner's trial counsel testified that he would not argue the intoxication defense to a jury because he does not believe that juries will accept an intoxication defense. He explained:

> I've never used alcohol. I've never known of alcohol – voluntary consumption of alcohol, I have never known of it being successful. I have never known of any attorney in Calhoun County, Kalamazoo County . . . Kent, Ingham – I've never known of anyone using a successful alcohol [defense]. Jurors do not like that. You can kind of move it in and kind of allude to it and kind of that, but to outright come out and tell the jury, I was too drunk to know what I was doing – . . . – they don't – and that lady who drove with that guy on the front of her car just a few months ago, I mean, that didn't work either. Voluntary intoxication does not work.

Hearing Tr. at 81-82. He testified that he did not consider a defense of diminished capacity because the petitioner did not give him the impression that he was insane or mentally impaired. *Id.* at 81, 103.

The magistrate judge found that trial counsel's decision not to focus on the intoxication defense or diminished capacity was a matter of trial strategy based on counsel's experience with juries in the area. He concluded that the state court's adjudication of the issue was objectively reasonable in light of *Strickland*. That conclusion is particularly apt in light of the *Strickland* Court's command that reviewing court must afford trial counsel a great deal of deference:

-8-

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

466 U.S. at 689 (internal quotes and citations omitted).

The Court agrees with the magistrate judge that counsel's performance did not fall below an "objective standard of reasonableness." *Id.* at 688. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. Although counsel could have included the intoxication defense as a reasonable trial strategy, his choice not to raise that defense was plainly his choice of trial strategy based on his knowledge of juries in the area and his professional opinion. The Court cannot say that choice was unreasonable.

With regard to the diminished capacity defense, the Michigan Supreme Court has ruled that the Michigan legislature's enactment of statutory requirements for the insanity defense forecloses a defense of diminished capacity. *People v. Carpenter*, 464 Mich. 223, 627 N.W.2d 276 (2001). Thus, the petitioner has failed to show prejudice for any deficient performance of counsel.

D.

Finally, the petitioner argues that the magistrate judge erroneously concluded that counsel was not ineffective for failing properly to advise the petitioner concerning the plea agreement, where

the magistrate judge failed to credit the testimony of the petitioner, which was consistent with the testimony of the assistant prosecuting attorney at the evidentiary hearing.

After hearing the testimony of the petitioner, the petitioner's trial counsel, and the attorney who prosecuted the case, the magistrate judge concluded that it is unlikely that trial counsel advised the petitioner that he had been acquitted of the charge of assault with intent to murder when the jury could not reach a verdict in his first trial. It is more likely, the magistrate judge concluded, that the petitioner was under this mistaken impression, which explained the petitioner's letters to the judge and prosecutor asking if that were true. The petitioner probably failed to ask about this matter in a letter to counsel around the same time because counsel had already "set him straight" about his mistaken presumption.

After a careful review of the record, this Court agrees with the magistrate judge's reasoning in this regard. The testimony of the prosecuting attorney did not support the testimony of the petitioner that his attorney told him he was not subject to the charge of assault with intent to commit murder. The Court thus adopts the magistrate judge's well-reasoned conclusion.

III.

The Court concludes that the magistrate judge correctly determined that the claims in the petition are procedurally defaulted or without merit.

Accordingly, it is **ORDERED** that the petitioner's objections to the Report and Recommendation are **OVERRRULED**. It is further **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: February 17, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 17, 2006.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS

---